UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

MALCOLM PITT,

                      Plaintiff,

      -against-

ROCKLAND COUNTY JAIL; SARGEANT
OBLENIS; SARGEANT LOWE;
CORRECTION OFFICER KARNEY;
CORRECTION OFFICER G. VANDUNK;
OFFICER FIGUEROA; OFFICER DAWSON,

                      Defendants.

---------------------------------------------------------------



10/20/22

22-CV-8356 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

    Plaintiff, who is currently detained at Rockland County Jail, brings this *pro se* action under 42 U.S.C. § 1983. He alleges that Defendants were deliberately indifferent to a known risk of harm to him from another detainee, who eventually slashed Plaintiff with a razor blade, and that Defendants attempted to cover up the incident and impede his ability to bring suit. The complaint can also be construed as asserting supplemental state law claims.

    By order dated September 30, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

## DISCUSSION

### A.   Rockland County Jail

    Plaintiff's claims against the Rockland County Jail must be dismissed because, under New York law, the jail lacks the capacity to be sued. *See Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the County of Rockland, the Court construes the complaint as asserting claims against the County of Rockland, and directs the Clerk of Court to amend the caption of this action to replace Defendant Rockland County Jail with the County of Rockland. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the County of Rockland may wish to assert.

**B.     Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants County of Rockland, Sergeants Oblenis and Lowe, and Correction Officers Karney, Dawson, Vandunk, and Figueroa, through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### C. Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. These discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, the identified defendants must serve responses to these standard discovery requests. In their responses, the identified defendants must quote each request verbatim.[2]

### CONCLUSION

The Court directs the Clerk of Court to amend the caption of this action to replace Defendant Rockland County Jail with the County of Rockland. *See* Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to issue summonses for Defendants County of Rockland, Sergeants Oblenis and Lowe, and Correction Officers Karney, Dawson, Vandunk, and Figueroa, complete the USM-285 forms with the addresses for these defendants, and

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Civil Rule 33.2 applies to this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated: October 19, 2022
      White Plains, New York

                                                              VINCENT L. BRICCETTI
                                                              United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. County of Rockland
   Office of the County Attorney
   11 New Hempstead Rd
   New City, NY 10956

2. Sergeant Oblenis
   Rockland County Jail
   53 New Hempstead Rd.
   New City, NY 10956

3. Sergeant Lowe
   Rockland County Jail
   53 New Hempstead Rd.
   New City, NY 10956

4. Correction Officer Karney
   Rockland County Jail
   53 New Hempstead Rd.
   New City, NY 10956

5. Correction Officer Dawson
   Rockland County Jail
   53 New Hempstead Rd.
   New City, NY 10956

6. Correction Officer Vandunk
   Rockland County Jail
   53 New Hempstead Rd.
   New City, NY 10956

7. Correction Officer Figueroa
   Rockland County Jail
   53 New Hempstead Rd.
   New City, NY 10956